**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL TODD | ) | |
| Plaintiff | ) | |
| | ) | Case No. 10-CV-1172 |
| v. | ) | |
| | ) | Honorable Amy J. St. Eve |
| HBW LEADS, LLC, ALLSTATE INSURANCE | ) | |
| COMPANY, JOHN HALLBERG | ) | Mag. Judge Susan E. Cox |
| Defendants | ) | |

## FIRST AMENDED COMPLAINT

COMES NOW, Michael Todd, Plaintiff, *pro se* and for his Complaint against Defendants', states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, MICHAEL TODD (herein "Todd"), is an individual consumer and resident of Cook County, Illinois.

2. Defendant, HBW LEADS, LLC (herein "HBW") is an Oregon limited liability company, organized and existing in accordance with the laws of the State of Oregon. HBW routinely conducts business in Cook County, Illinois.

3. Defendant, JOHN HALLBERG (herein "HALLBERG") is a competent adult individual who resides and routinely conducts business in Cook County, Illinois.

4. Defendant, ALLSTATE INSURANCE COMPANY (herein "ALLSTATE") is an Illinois corporation, domiciles in the State of Illinois and regularly conducts business in Cook County, Illinois.

5. Jurisdiction is proper under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and 815 ILCS 413 *et seq.*. Venue is proper in this Court as all defendants conduct telemarketing solicitations and business in this county and Todd was damaged in this county.

## FACTUAL ALLEGATIONS

6. On October 8, 2009, HBW initiated a telemarketing call on behalf of HALLBERG and ALLSTATE to Todd on his residential telephone number of 708-576-8156. According to the information displayed on Todd's caller identification device, the call came from 530-767-1234. On October 15, 2009, Todd received a second telemarketing call on his residential telephone number of 708-576-8156 from HBW, on behalf of HALLBERG and ALLSTATE. According to the information displayed on Todd's caller identification device, the October 15th call came from 530-767-1234.

7. The phone number 530-767-1234 is not and was not a working number on both October 8, 2009 and October 15, 2009. In an effort to hide their true identity, HBW utilized a method to impede the function of Todd's caller identification device to show a telephone number other than the true number the call originated from when HBW's telephone service or equipment is capable of allowing the display of HBW's telephone number.

8. During the course of the telemarketing solicitation on October 15, 2009, the HBW representative who identified himself as "Austin" failed to provide Todd with a telephone number or address at which HBW, HALLBERG or ALLSTATE may be contacted.

9. During the October 15, 2009 telemarketing solicitation by HBW on behalf of HALLBERG and ALLSTATE, Todd demanded a written copy of HBW's do-not-call policy but to date, none has been provided.

10. At the time HBW initiated the first call to Todd on October 8, 2009, HBW had not properly trained Austin in the existence and use of HBW's do-not-call list and/or did not have a

written do-not-call policy and/or made calls for telemarketing purposes without providing a telephone number or address at which HBW may be contacted.

11. At all times relevant herein, HALLBERG was acting in line and scope of his agency relationship with ALLSTATE and the acts of HALLBERG was motivated to benefit the principal, ALLSTATE. At all relevant times herein, HBW was acting in line and scope of its agency relationship with HALLBERG and ALLSTATE and the acts of HBW was motivated to benefit the principal, HALLBERG and ALLSTATE. In the alternative, HALLBERG and ALLSTATE each failed to use reasonable care in selecting and/or allowing HBW to market their products or services and are thereby liable for the actions and/or inactions of HBW.

<u>Count One: Violation of 47 C.F.R. § 64.1200(d)(4)</u>

12. Plaintiff repeats and realleges each and every paragraph above as if set forth fully herein.

13. In the entire course of action, HBW violated 47 C.F.R. § 64.1200(d)(4) by failing during the October 15, 2009 telephone solicitation to provide Todd with a telephone number or address at which HBW, HALLBERG or ALLSTATE may be contacted.

14. The actions or inactions were willful. Accordingly, Todd is entitled to treble damages.

15. Todd has been damaged as a result.

16. HBW is liable to Todd for his damages.

17. HALLBERG and ALLSTATE are vicariously liable to Todd for his damages for the actions and inaction of HBW.

WHEREFORE, Todd demands judgment against HBW, HALLBERG and ALLSTATE, both jointly and severally, for statutory damages in the amount of $500.00, treble damages, the cost of this action and any other relief deemed just and proper.

### Count Two: Violation of 47 C.F.R. § 64.1200(d)(1)

18. Plaintiff repeats and realleges each and every paragraph above as if set forth fully herein.

19. In the entire course of action, HBW violated 47 C.F.R. § 64.1200(d)(1) by failing to provide Todd with a written copy of HBW's do-not-call policy, upon demand.

20. The actions or inactions were willful. Accordingly, Todd is entitled to treble damages.

21. Todd has been damaged as a result.

22. HBW is liable to Todd for the damages.

23. HALLBERG and ALLSTATE are vicariously liable to Todd for his damages for the actions and inaction of HBW.

WHEREFORE, Todd demands judgment against HBW, HALLBERG and ALLSTATE, both jointly and severally, for statutory damages in the amount of $500.00, treble damages, the cost of this action and any other relief deemed just and proper.

### Count Three: Negligence

24. Plaintiff repeats and realleges each and every paragraph above as if set forth fully herein.

25. At all times material herein, HBW used telemarketing solicitations in Illinois and was acting as an agent for HALLBERG and ALLSTATE.

26. HBW was, at all times, under a duty to provide a written copy of their do-not-call policy upon demand pursuant to 47 C.F.R. § 64.1200(d)(1).

27. HBW failed to provide a written copy of their do-not-call policy after Todd demanded the same and therefore breached its duty to the detriment of Todd.

28. Todd has been damaged as a direct and proximate result of the actions or inactions of HBW.

29. HBW is liable to Todd for the damages.

30. HALLBERG and ALLSTATE are vicariously liable to Todd for his damages for the actions and inaction of HBW.

WHEREFORE, Todd demands judgment against HBW for actual and compensatory damages, the cost of this action and any other relief deemed just and proper.

## Count Four: Violation of 815 ILCS 413/15(c)

31. Plaintiff repeats and realleges each and every paragraph above as if set forth fully herein.

32. At all times material herein, HBW used telemarketing solicitations in Illinois and was acting as an agent for HALLBERG and ALLSTATE.

33. HBW utilized a method to impede the function of Todd's caller identification device to show a telephone number other than the true number the call originated on October 8, 2009 and October 15, 2009. Specifically, HBW caused a telephone number of 530-767-1234 to be

displayed on Todd's caller identification device when HBW's telephone service or equipment is capable of allowing the display of HBW's telephone number.

34. Todd has been damaged as a result.

35. HBW is liable to Todd for the damages.

36. HALLBERG and ALLSTATE are vicariously liable for the actions of their agent, HBW.

WHEREFORE, Todd demands judgment against HBW, ALLSTATE and HALLBERG for actual and compensatory damages, the cost of this action and any other relief deemed just and proper.

## Count Five: Malicious, Intentional and Willful Conduct

37. Plaintiff repeats and realleges each and every paragraph above as if set forth fully herein.

38. HBW assumed a duty under 815 ILCS 413/15(c) by and through their telemarketing sales activities in Illinois, to refrain from soliciting the sale of goods or services by telephone in a manner that impedes the function of any caller ID when the telephone solicitor's service or equipment is capable of allowing the display of the solicitor's telephone number.

39. HBW has a duty under law to act reasonably under the circumstances.

40. HBW has violated this duty by failing to act reasonably under the circumstances by causing a telephone number of 530-767-1234 to appear on caller identification devices when placing telemarketing calls.

41. The violations of HBW were made intentionally, willfully, and maliciously as HBW refused to comply with the duties that they had under 815 ILCS 413/15(c). Accordingly, Todd is entitled to punitive damages.

42. HBW has acted in utter disregard for the rights of Todd and has decided to take (or fail to take) action which HBW knows or is substantially certain will result in harm to Todd. HBW has acted wrongfully without just cause or excuse and had an intent to harm Todd and/or acted with an evil intent.

43. It was foreseeable, and HBW did in fact forsee it, that refusing to abide by 815 ILCS 413/15(c) would cause harm to Todd.

44. Todd has been damaged as a direct and proximate result of the willful conduct as set forth in this Complaint.

45. HBW is liable to Todd for his damages.

46. HALLBERG and ALLSTATE are liable to Todd for the actions or inactions of HBW.

WHEREFORE, Todd demands judgment against HBW and award damages in an amount to be determined at trial, in actual damages, punitive damages, compensatory damages, the costs of this action and any other relief deemed just and appropriate.

### Count Six: Violation of 815 ILCS 413/15(c)

47. Plaintiff repeats and realleges each and every paragraph above as if set forth fully herein.

48. At all times material herein, HBW used telemarketing solicitations in Illinois and was acting as an agent for HALLBERG and ALLSTATE.

49. In the entire course of action HBW violated 815 ILCS 413/15(b)(2) by failing to inquire at the beginning of the October 15, 2009 call whether Todd consented to the solicitation.

50. Todd has been damaged as a result.

51. HBW is liable to Todd for the damages.

52. HALLBERG and ALLSTATE are vicariously liable for the actions of their agent, HBW.

WHEREFORE, Todd demands judgment against HBW, ALLSTATE and HALLBERG for actual and compensatory damages, the cost of this action and any other relief deemed just and proper.

Respectfully submitted:_____
Michael Todd, Plaintiff, *pro se*
9134 Del Prado Dr., Unit 2N
Palos Hills, IL 60465
Ph. 708-576-8156

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of March, 2010, a true and accurate copy of Plaintiff's First Amended Complaint was served via U.S. Mail with postage prepaid to:

Stephanie Wing Tipton
Litchfield Cavo
303 West Madison Street
Suite 300
Chicago, IL 60606


Gerald L. Pauling
Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, IL 60603-5577

John Hallberg
9937 W. 151st St.
Orland Park, IL 60462

_____
Michael Todd