**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL TODD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 10 cv 1172 |
| vs. | ) | |
| | ) | Honorable Amy J. St. Eve |
| HBW LEADS, LLC, ALLSTATE INSURANCE | ) | |
| COMPANY, and JOHN HALLBERG, | ) | Mag. Judge Susan E. Cox |
| | ) | |
| Defendants. | ) | |

## INITIAL JOINT STATUS REPORT

**A.    DATE OF STATUS HEARING**

This matter is set for status on April 12, 2010 at 8:30 a.m.

**B.    ATTORNEYS OF RECORD FOR EACH PARTY**

Michael Todd is *pro se* Plaintiff.

Dana O. Williams and Gerald L. Pauling are counsel for Allstate Insurance Company.

Stephanie W. Tipton is counsel for HBW Leads, LLC.

**C.    JURISDICTION**

Defendants' allege this Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1332(a) and 1332(d). *See also*, *Brill v. Countrywide Homes Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). Defendants' alleged venue and personal jurisdiction exists because Plaintiff alleges Defendants' acts occurred in Illinois. Plaintiff denies this Court has subject matter jurisdiction.

**D.**   **JURY DEMAND**

Plaintiff has demanded a trial by jury.

**E.**   **NATURE OF CLAIMS ASSERTED**

Plaintiff has alleged that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), the Illinois Telephone Solicitation Act and Illinois common law.

**F.**   **RELIEF SOUGHT**

Plaintiff requests judgment in favor of Plaintiff and against Defendant for:

a.   Actual damages;

b.   Compensatory damages;

c.   Punitive damages;

d.   Statutory damages;

e.   Costs; and

f.   Such other or further relief as the Court deems just and proper.

**G.**   **SERVICE**

HBW Leads, LLC and Allstate Insurance Company have been served and appeared. John Hallberg has not yet been served.

**H.**   **PRINCIPAL LEGAL ISSUES**

The major legal issues are:

a.   Whether the Plaintiff is entitled to relief under the provisions of the TCPA, Illinois Telephone Solicitation Act and Illinois common law.

**I.**   **PRINCIPAL FACTUAL ISSUES**

The major factual issues are:

a.    Whether Defendant HBW Leads, on Allstate's and Hallberg's behalf, called Plaintiff on October 8, 2009;

b.    Whether Defendant HBW Leads, on Allstate and Hallberg's behalf, called Plaintiff on October 15, 2009;

c.    Whether Defendant HBW Leads, on Allstate and Hallberg's behalf, utilized a method to impede the function of Todd's caller identification device;

d.    Whether HBW Leads, on Allstate and Hallberg's behalf, failed to provide Todd a written copy of their do-not-call policy;

e.    Whether the actions or inactions of HBW Leads, on Allstate and Hallberg's behalf, constitute negligence and/or malicious, intentional and/or willful conduct; and

f.    The damages, if any, to which Plaintiff is entitled.

## J.    ANTICIPATED MOTIONS

a.    Both parties anticipate that summary judgment or other dispositive motions may be presented.

## K.    PROPOSED DISCOVERY PLAN

(A)    The parties will make initial disclosures under Fed. R. Civ. P. 26(a)(1) by April 15, 2010.

(B)    The parties shall each serve initial written discovery on or before May 15, 2010.

(C)    Amendments to the pleadings and/or joinder of additional parties may be sought upon appropriate motion by August 1, 2010.

(D)    All fact discovery will close on August 15, 2010.

(E)     Plaintiff's designation of trial experts (if any), as provided in Fed. R. Civ. P. 26(a)(2), shall be by September 30, 2010.  Defendants' designation of trial experts (if any), as provided in Fed. R. Civ. P. 26(a)(2), shall be due by October 30, 2010.  Depositions of experts shall be completed December 2, 2010.

(F)     Any dispositive motions will be filed on or by January 15, 2011.

## L.     TRIAL DATE

The earliest date that the parties would be ready for trial would be _____ _____, and the parties believe that a jury trial would take approximately 5 days.

## M.     STATUS OF SETTLEMENT DISCUSSIONS

The parties are not in a position to discuss settlement at this time.

## N.     CONSENT TO MAGISTRATE

At this point, the parties do not unanimously consent to trial before the Magistrate Judge.

Date:     _____April 6, 2010_____

s/Dana O. Williams

Dana O. Williams
Seyfarth Shaw LLP
131 South Dearborn
Suite 2400
Chicago, IL 60603
Tel:
Fax:

s/Michael Todd

Michael Todd
9134 Del Prado Drive
Unite 2N
Palos Hills, IL 60465
Tel:
Fax:

s/Stephanie W. Tipton

Stephanie W. Tipton
Litchfield Cavo LLP
303 W. Madison Street
Suite 300
Chicago, IL 60606
Tel: (312) 781-6636
Fax: (312) 781-6630